## CASE ANNOUNCEMENTS

*July 29, 2014*

[Cite as *07/29/2014 Case Announcements #2*, 2014-Ohio-3298.]

## MOTION AND PROCEDURAL RULINGS

**2014–0328.   In re Application of Duke Energy Ohio, Inc.**
Public Utilities Commission, Nos. 12–1685–GA–AIR, 12–1686–GA–ATA, 12–1687–GA–ALT, and 12–1688–GA–AAM. This cause is pending before the court as an appeal from the Public Utilities Commission of Ohio.

Upon consideration of intervening appellee Duke Energy Ohio, Inc.'s motion to lift the stay or require bond, it is ordered by the court that the motion to lift stay is denied but the motion to require bond is granted. The parties shall submit briefs on the amount of bond required by R.C. 4903.16. Appellants, appellee, and intervening appellee, Duke Energy Ohio, Inc., shall file briefs addressing the appropriate amount of the bond within 15 days of the date of this order. The parties may file reply briefs to the initial briefs within ten days of the filing of the initial briefs.

Upon consideration of the joint motion for leave to intervene and for leave to file a memorandum in support of Duke Energy Ohio's motion to lift the stay of the East Ohio Gas Company, d.b.a. Dominion East Ohio, Vectren Energy Delivery of Ohio, Inc., and Columbia Gas of Ohio, Inc., it is ordered by the court that the motions are denied.

Upon consideration of the joint motion of appellants to strike Duke Energy Ohio, Inc.'s May 20, 2014 motion to lift the stay or require bond, it is ordered by the court that the motion is denied.

Upon consideration of the joint motion of appellants to strike the memorandum of the East Ohio Gas Company, d.b.a. Dominion East Ohio, Vectren Energy Delivery of Ohio, Inc., and Columbia Gas of Ohio, Inc. in support of Duke Energy Ohio, Inc.'s motion to lift the stay, it is ordered by the court that the motion is granted.

O'DONNELL and KENNEDY, JJ., concur separately.

PFEIFER and O'NEILL, JJ., dissent.

**O'DONNELL, J., separately concurring.**

{¶ 1} R.C. 4903.16 mandates that the court set a bond when granting a stay of a final order rendered by the Public Utilities Commission. In conformity with that code section and in line with the longstanding precedent of this court, granting a stay in this case requires the posting of a bond. *See In re Application of Columbus S. Power Co.*, 128 Ohio St.3d 512, 2011-Ohio-1788, 947 N.E.2d 655, ¶ 19–20; *Consumers' Counsel v. Pub. Util. Comm.*, 61 Ohio St.3d 396, 403–404, 575 N.E.2d 157 (1991); *Columbus v. Pub. Util. Comm.*, 170 Ohio St. 105, 109–110, 163 N.E.2d 167 (1959). Accordingly, the parties are given the opportunity to submit briefs to assist the court in setting the appropriate bond in this case.

KENNEDY, J., concurs in the foregoing opinion.

**PFEIFER, J., dissenting.**

{¶ 2} Today, this court considers Duke Energy, Inc.'s motion to lift the stay that this court imposed on May 14, 2014, or in the alternative, to require bond. The issue in the motion is the very same issue that this court decided in the May 14 entry—whether appellants, Ohio Partners for Affordable Energy, Ohio Consumers' Counsel, the Ohio Manufacturers' Association, and the Kroger Company, are entitled to a stay without posting bond. Duke is essentially requesting that this court reverse its May 14 ruling. However, the rules of this court do not allow Duke to seek this relief. S.Ct.Prac.R. 18.02 does not authorize a party to file a motion for reconsideration of a decision granting a stay with or without bond, and Duke should not be permitted to circumvent that rule simply by characterizing its motion as one to "lift" the stay or require a bond rather than as a motion for reconsideration. But adherence to this court's own rules is apparently not the be all and end all. Good to know.

{¶ 3} This court is in an awkward position today because of another of this court's rules, one developed in *Keco Industries, Inc. v. Cincinnati & Suburban Bell Tel. Co.*, 166 Ohio St. 254, 141 N.E.2d 465 (1957). Specifically, this court has held that *Keco* does not allow a refund to customers in instances where the revenues a utility has collected are unjustified. *In re Application of Columbus S. Power Co.*, 138 Ohio St.3d 448, 2014-Ohio-462, 8 N.E.3d 863, ¶ 56. In *Columbus S. Power*, this court held that three public utilities had collected $368 million in unjustified charges but that *Keco* prevented any refund to customers. As I wrote in *Columbus S. Power*:

> R.C. 4905.32, the statute on which the *Keco* decision is based, does not state that there is "no right of action for restitution of the increase in charges collected during the pendency of the appeal." In my view, that part of the [*Keco*] opinion is mere dicta, foolhardy, erroneous, and not binding on this court. Indeed, it boggles the mind that this court would ever countenance such a proposition: that a public utility should be allowed to fatten itself on the backs of Ohio residents by collecting unjustified charges.

Id. at ¶ 63 (Pfeifer, J., dissenting).

{¶ 4} Because of the unwillingness of this court to order refunds when they are justified, parties must seek to stay orders of the Public Utilities Commission on the front end in order to prevent unreasonable fees from being collected. Otherwise, customers cannot achieve a real remedy. A mea culpa from the commission or the utility coupled with a statement from this court that our hands are tied is not enough.

{¶ 5} *Keco*'s court-created rule is preventing the fair and orderly administration of utilities cases in Ohio. If consumers had a chance of recovering unjustly collected revenues after a review by this court, the need for a stay would be greatly reduced. Until *Keco* is overturned, consumers should continue to seek stays, this court should grant those stays without bond where appropriate, and this court should refuse to reconsider the stays that it does grant.

O'NEILL, J., concurs in the foregoing opinion.